[No. 2377]

# J. B. DIXON, APPELLANT, v. A. GRANT MILLER, RESPONDENT.

[184 Pac. 926]

1. BILLS AND NOTES—WANT OF CONSIDERATION A DEFENSE AGAINST ORIGINAL PAYEE.

As against the original payee who was not a holder of a note in due course, the maker may, under negotiable-instruments law, sec. 28, urge the absence or failure of consideration.

2. BILLS AND NOTES—ANSWER ALLEGING WANT OF CONSIDERATION SUFFICIENT.

In an action on a note, the answer of the maker *held* sufficient to present as against the payee the defense of want of consideration.

3. EVIDENCE—PAROL EVIDENCE ADMISSIBLE TO SHOW WANT OF CONSIDERATION.

The rule that parol evidence is not admissible to contradict or vary an absolute engagement to pay money on the face of a bill or note does not exclude evidence as between the immediate parties of a total failure or want of consideration, and the negotiable-instruments law, sec. 28, recognizes the right to urge want of consideration.

4. BILLS AND NOTES—EVIDENCE—WANT OF CONSIDERATION JURY QUESTION.

Ordinarily a mere equality in the number of witnesses does not constitute a balance of evidence, and hence in an action on a note, where defendant urged want of consideration and testified to facts in support of his claim, which testimony was contradicted by plaintiff, the payee, the question is for the jury.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

Action by J. B. Dixon against A. Grant Miller, From a judgment for defendant, plaintiff appeals. **Affirmed. Rehearing denied.**

*J. M. Frame* and *J. B. Dixon* (in pro. per.), for Appellant:

The making of the note was presumptively within the knowledge of the defendant. 31 Cyc. 199; 1 Ency. Pl. & Pr. 811, et seq.; Spencer v. Levy, 173 S. W. 550; Brown v. Martin, 23 Cal. App. 736; Allen v. Surety Co., 129 N. Y. Supp. 228; Raymond v. Johnson, 17 Wash. 232; Howes v. Corti B. Co., 135 N. Y. Supp. 562.

*Gray Mashburn* and *A. Grant Miller* (in pro. per.), for Respondent:

Appellant seeks to make respondent liable for a deal that never was his own, and liable upon a note which was manifestly and certainly given in a representative capacity. This latter fact must have been known, and was known, to appellant at the time the note was signed.

The evidence clearly showed, beyond any dispute, a want of consideration. The lower court was the judge of the witnesses and their veracity, and of the weight to be given to their testimony. It is quite certain that the trial judge believed the defendant and disbelieved the plaintiff, and rendered his decision accordingly. We submit that under these circumstances the judgment will not be disturbed on appeal.

By the Court, DUCKER, J.:

The appellant and respondent are attorneys at law. The appellant, who was plaintiff in the court below, brought this action on a promissory note of which the following is a copy:

"$1,500.00　　　　　　Reno, Nevada, June 14, 1910.

"Three months after date, for value received, I promise to pay to J. B. Dixon or order, the sum of fifteen hundred dollars with interest at the rate of eight per cent per annum until paid. In case this note is not paid at maturity and proceedings are taken to collect the same in court or otherwise, I agree to pay in addition to principal, interest and costs, reasonable attorney's fees. This note is secured by a chattel mortgage bearing even date herewith. [Signed] A. Grant Miller. A. Grant Miller, as Trustee for Union Printing and Publishing Company."

The defendant answered, and besides certain other matters, alleged as two separate defenses that the note and chattel mortgage referred to therein were executed by him in a representative capacity as the agent and trustee of the Union Printing and Publishing Company, a corporation; that the note and chattel mortgage were

executed and delivered by respondent in said representative capacity to appellant to secure a certain contingent fee which appellant was to receive as an attorney in the event he successfully defended certain actions at law, in which one George W. Condon was plaintiff and the Forum Publishing Company, a corporation, Union Printing and Publishing Company, a corporation, A. Grant Miller as trustee for said last-mentioned corporation, and A. Grant Miller were defendants.

It is alleged in the reply that the chattel mortgage referred to was and is not a subsisting security for the payment of the promissory note at the time of the commencement of the action and for a long time prior thereto, for the reason that the property described therein had been taken out of the possession of appellant against his will by the sheriff of Washoe County and sold under a decree of court, thereby depriving appellant of his security. It is averred in the reply that there was a good, valid, and valuable consideration for said note, and denied therein that respondent acted merely as agent for said Union Printing and Publishing Company in the executing and delivering of said note. It is alleged that respondent, at appellant's request, made and executed the note sued upon and the chattel mortgage, both individually and as trustee for said Union Printing and Publishing Company, at appellant's request, and denied that appellant agreed to defend said actions for a contingent fee.

The lower court found that respondent made the note in a representative capacity only, as agent and trustee for the Union Printing and Publishing Company, and executed the chattel mortgage as such agent and trustee, as security for the payment of the contingent fee alleged in the answer; that judgments in said actions at law were rendered in favor of the plaintiff therein, and that appellant earned no fee under the contingent agreement; that there was no consideration passing from appellant for the note. Judgment was rendered in favor of respondent, and from the judgment and order of the

court denying a motion for a new trial, this appeal is taken.

Eighty-one errors are assigned by appellant, and as the action is upon a promissory note it seems incredible that the court could have had even an opportunity to commit so many. Many of the errors alleged do not merit a discussion, and were not urged in the oral argument before this court. These, therefore, will receive no attention in this decision. It seems to us that there are but two questions necessarily involved in this appeal: (1) Did the facts alleged in the answer concerning the oral agreement as to the note and chattel mortgage being given as security for a contingent fee from which a lack of consideration is claimed, or the facts alleged showing that respondent acted in a representative capacity only in executing and delivering the note to appellant, constitute legal defenses in the action? (2) If either amounted to a defense in law, was there substantial evidence to support the finding of the court in this regard?

1. If these questions are answered in the affirmative, the judgment must be affirmed. Section 28 of the negotiable-instruments law (Stats. 1907, c. 62) provides in part as follows:

"Absence or failure of consideration is a matter of defense as against any person not a holder in due course."

Appellant is not a holder of the note in due course, but is the payee thereof, and therefore under the statute the respondent is entitled to defend by impeaching the consideration of the instrument.

2. The averments of the answer in this respect show that appellant and respondent, prior to the time of the execution of the note and mortgage, entered into an oral agreement by the terms of which appellant agreed to defend two actions at law, in which one George W. Condon was plaintiff and Forum Publishing Company, a corporation, Union Printing and Publishing Company, a corporation, A. Grant Miller as trustee for said last-

mentioned corporation, and A. Grant Miller were defendants, for an attorney fee of 25 per cent of the property involved in the suits, valued at $6,000, and that appellant should receive no fee for his services unless he was successful in securing judgments in the actions in favor of the defendants; that, thereafter, at the appellant's request, respondent made and executed a promissory note in his favor in the sum of $1,500 and secured it by a chattel mortgage upon the goods and chattels of the said Union Printing and Publishing Company, to secure appellant's contingent fee in case he won said cases, and in the event that other creditors of the Union Printing and Publishing Company should attach the property involved; that appellant did not successfully defend these actions, and judgment was entered in both actions in favor of the plaintiff therein.

We think that a legal defense of failure of consideration is sufficiently pleaded in this statement of facts. They show that appellant was entitled to no fee unless he succeeded in obtaining judgments for the defendants in the two cases, and that, the note having been made and executed only for the purpose of securing his fee, if earned, a failure of consideration for the note ensued from his failure to earn the fee in accordance with the parol agreement. The defendants did not get what they were to have—a successful defense of their cases.

3. Appellant demurred to this defense upon the ground of insufficiency of facts. The demurrer was overruled, and on the trial of the case objection was made to the evidence, tending to establish it upon the ground that parol evidence of an oral agreement is inadmissible to contradict or vary the terms of a written instrument. This is not the effect of the evidence admitted. It does not contradict or vary the terms of the note, but does tend to impeach the consideration.

"The rule that parol evidence is not admissible to contradict or vary an absolute engagement to pay money on the face of the bill or note does not exclude evidence

as between the original parties showing a total or partial failure of consideration." 3 R. C. L. 943.

This is the rule at common law in cases where notes or other instruments for the absolute payment of money are given. As stated by Chief Justice Parson more than one hundred years ago, in Barker v. Prentiss, 6 Mass. 430:

"It is every day's practice, notwithstanding a promissory note is expressed to be for value received, to admit the promisor   *   *   *   to prove that there was no consideration."

The common-law rule is recognized in our statute which has expressly provided for this defense. Necessarily, to give effect to the statute, parol evidence must be admitted to show what the consideration was, as well as to show that it has failed. The reason is obvious. The real consideration for a promissory note is never apparent from its face. No conclusive presumption arises from the words "for value received," and when a note is challenged for want or failure of consideration the fact must be learned from extrinsic evidence which relates to the point of time when the note was executed and discloses the dealings between the parties. Smith v. Dotterweich, 200 N. Y. 299, 93 N. E. 985, 33 L. R. A. (N.S.) 892; Julius Kessler & Co. v. Parelius, 107 Minn. 224, 119 N. W. 1069, 131 Am. St. Rep. 459.

4. The note purporting to be signed by the respondent and also as trustee for the Union Printing and Publishing Company was introduced as evidence. Appellant testified that it was executed and delivered to him by respondent in consideration of legal services rendered by him at respondent's request in two actions against respondent and other defendants, brought by one George W. Condon as plaintiff in the above-entitled court, and a third suit, brought by said Condon in the Sparks justice court; that he was the owner and holder of the note, and that no part of it had been paid, and that the whole amount of $1,500, with interest from

date, was due and payable; that respondent signed his name to the note and mortgage first as an individual and then as trustee. Appellant and respondent were the only witnesses, and their testimony upon the issues was in the main flatly contradictory.

Respondent testified that he signed and delivered the note and mortgage to appellant, and, touching the issue of want of consideration, testified that he employed appellant to defend the said actions for himself personally, for the Union Printing and Publishing Company, for himself as trustee of said company, and for E. H. Beemer, as intervener, he being a stockholder of said Forum Publishing Company; that he had several consultations with appellant as to the defense of the suits, and before he took any action in court, they agreed that appellant, as attorney, should defend the suits on a contingent fee of 25 per cent of the value of the goods mentioned in the chattel mortgage, valued at $6,000, which had been purchased by the respondent from the Forum Publishing Company as trustee for the Union Printing and Publishing Company; that he acted as agent and trustee of said printing and publishing company in employing appellant as attorney on a contingent fee; that in June, 1910, and subsequent to such employment, appellant requested respondent to make and execute the note and chattel mortgage for and on behalf of the said printing and publishing company upon the goods and chattels of said Union Printing and Publishing Company to secure the contingent fee; that appellant lost the two suits; that the reason assigned by appellant for desiring the note and mortgage to secure his contingent fee was that he was certain he could win the suits, but he was afraid that after he won them other creditors of the Union Printing and Publishing Company would attach the property involved, and he would lose his contingent fee; that no money passed from appellant to the respondent as a consideration for said note; that appellant rendered certain services in said actions. The foregoing is in substance all of the respondent's testimony that has any bearing upon this

phase of the case. He testified that appellant did not earn and was not entitled to any fee. and that there was no consideration for the note, but these are conclusions, and without any probative force.

The appellant on rebuttal testified in detail as to the services he had rendered, and contradicted respondent as to any agreement to defend the cases for a contnigent fee. On this phase of the case he said, in substance:

"After several consultations with A. Grant Miller, late in March and early in April, 1910, I was retained and employed by him to conduct the defense of himself as an individual, the Union Printing and Publishing Company, and of himself as trustee for said last-named corporation. and also to act for E. H. Beemer, a stockholder of the Forum Publishing Company, as intervener, in actions Nos. 7114 and 7119. I did not agree or consent to take the cases on a contingent fee, or either of them, but the amount of my fee was not then fixed, for it was unknown what services would be required. As the trials of the two cases were approaching and it was possible then to determine approximately the value of the services already rendered and further probable services, I told Mr. Miller that the amount of my fees must be settled, and that if cash could not be paid I wanted some security. After some discussion it was agreed orally that $1,500 would be the reasonable value of my services, and Mr. Miller said that neither he nor the other defendants could pay cash, but that he would give me his promissory note for $1,500 and secure it by a mortgage on the personal property he had bought from the Forum Publishing Company. The note and mortgage were dated June 14, 1910, but were not executed and delivered to me until June 20 or 21, 1910. Neither at the time of the oral agreement made by me with Mr. Miller, nor at the time of the execution and delivery of the note and mortgage, was anything said by either Mr. Miller or myself that this note should be in any way contingent on the result of the suits or either of them."

It thus appears that there is a direct conflict in the

testimony between the parties as to the contingent fee agreement. Neither is corroborated by any other testimony or circumstance in the case as to this phase of it. The case made out by respondent, and upon which the trial court based its findings, is therefore not strong. It could not stand in some jurisdictions, where the rule prevails that where the claim of a party rests upon his unsupported testimony, and is met by the positive denial of the other, so that the case presented is merely oath against oath, there is no preponderance, and the party having the burden must fail. This, however, is not the general rule.

"The general rule undoubtedly is that a mere equality in number of witnesses does not constitute a balance of evidence any more than disparity in number discloses a preponderance, which it sometimes does. It cannot be held as a proposition of law that, simply because an equal number of witnesses testify in opposition to each other upon a given question of fact, therefore the evidence is equally balanced. The intelligence and integrity of the witnesses, their means of information, as well as many other things, are to be considered in determining upon which side is the preponderance or greater weight of evidence. Facts may exist which will turn the scale on the one side—interest, motive, prejudice, manner of testifying. These and other kindred things are to be considered in determining which of the witnesses is entitled to the greater credit." Moore on Facts, vol. 1, p. 108; Howlett v. Dilts, 4 Ind. App. 23, 30 N. E. 313; Johnson v. People, 140 Ill. 350, 29 N. E. 895; 10 R. C. L. 1007.

We are not inclined to disturb the finding of the lower courts in this regard. The duty of judging the credibility and weighing the testimony of the two litigants rested entirely upon the trial court. There is substantial conflict in the evidence, which gives effect to the finding of the trial court.

"If there is a substantial conflict in the evidence, then

the duty and responsibility of finding the facts from the evidence devolve upon the trial court, and constitute a question concerning which this court has nothing to do, even though we may feel that upon the whole evidence we should have come to a different conclusion." Bigelow, C. J., in Gardner v. Gardner, 23 Nev. 215, 45 Pac. 140.

See, also, Thompson v. Tonopah Lumber Co., 37 Nev. 183, 141 Pac. 71; Leete v. Southern Pacific Co., 37 Nev. 49, 139 Pac. 29; Robinson Mining Co. v. Riepe, 37 Nev. 27, 138 Pac. 910; Turley v. Thomas, 31 Nev. 181, 101 Pac. 568, 135 Am. St. Rep. 667.

From these views we are led to affirm the judgment, and deem it unnecessary to discuss the evidence bearing upon the question as to whether respondent acted in a representative capacity in executing and delivering the note to appellant.

Judgment affirmed.

## ON PETITION FOR REHEARING

*Per Curiam:*

Petition for rehearing denied.