Rockingham,
Feb. 6, 1945. } No. 3491.

JACOB TRINLEY & SONS

*v.*

JOHN R. GOLTER *& a.*

*Robert W. Upton, Laurence I. Duncan,* and *Arthur J. Reinhart,* (*Mr. Duncan* orally), for the plaintiffs.

*T. H. Simes & Son* and *William H. Sleeper,* (*Mr. T. H. Simes* orally), for the defendant.

BRANCH, J.    Viewing the evidence in the light most favorable to the defendant, the plaintiffs occupied the position of endorsees for value but with knowledge of the infirmity of the notes.    The issue of lack of consideration was fully tried and submitted to the jury, who must be assumed to have found in favor of the defendant upon it.    The principal question in the case arises in regard to the legal effect of the defendant's conduct, subsequent to his discovery of the errors in his account.

It is the contention of the plaintiffs that the defendant's agreement evidenced by the correspondence set forth above, "constituted a waiver of his defenses to all the notes," and they rely upon the rule of law which has been stated as follows: "The rule is that if one, with full knowledge of facts constituting a defense to his note, secures an extension thereof on the faith of his promise to pay it upon the new maturing date, he ratifies the instrument and so waives his defense."    E. H. Taylor & Sons v. Bank, 212 Fed. 898, 902; Brown v. First National Bank, 115 Ind. 572; Farmers &c. Bank v. Jones, 196 Ia. 1071; Muirhead v. Kirkpatrick, 21 Pa. St. 237; Monahan v. Watson, 61 Cal. App. 417; Fitzpatrick v. Flannagan, 106 U. S. 648,660; Brannan, Negotiable Instruments Law (5th ed.), page 567.

The Negotiable Instruments Law does not appear to cover this situation but the defendant does not question the soundness of the above rule, and indeed it is difficult to deny the logic of the reasoning of Mr. Justice Matthews in Fitzpatrick v. Flannagan, supra, 660 as follows: "A subsequent promise, with full knowledge of the facts, is certainly equivalent to an original promise made under similar circumstances; and no one, acting with full knowledge can justly say that he has been deceived by false representations.    Volenti non fit injuria."    We, therefore, accept the above as a correct statement of the law.

Apparently applying this principle, the trial Court ruled "that the defendant, for valuable considerations waived any defense he may have had on the note for $800 maturing May 1, 1941, and entered into a valid and binding extension agreement with the plaintiffs for the payment of said note at a definite, certain, ascertainable time, i.e. on or before January 15, 1942."    This conclusion of the Presiding Justice regarding the first note in suit appears to be inescapable.    Defendant's express declaration of intention to take his medicine and his express promise to pay the note upon January 15, 1942, leave no room for argument upon this point.

We think that the same conclusion follows in regard to the second note. The defendant himself proposed that this note be paid "shortly after" January 15, 1942 "perhaps thirty days later but this one I would rather give the date when paying the other." This proposal was accepted in full by the plaintiffs. "We . . . note you will advise at that time, specific date when note due November 1, 1941 for $800 will be paid." If this arrangement was satisfactory to the parties, there is no reason why the Court should find fault with it.

The above-quoted rule refers to a promise to pay "upon a new maturing date." The "new maturing date" of the second note was fixed definitely enough to comply with this rule. The promise of the defendant to pay was absolute. It was agreed that the time of payment should be "shortly after" January 15, 1942. This was, in effect, a promise to pay within a reasonable time after that date. This promise was valid and enforceable under the ordinary rules of contract, which must govern it.

By his reference to payment at a "definite, certain, ascertainable time" the trial Court apparently had in mind section 1 of the Negotiable Instruments Law (R. L., c. 366, s. 1), which provides that an instrument to be negotiable "must be payable on demand, or at a fixed or determinable future time." There is no requirement that extension agreements must be similarly conditioned. The binding effect of such agreements must be determined by an application of the established rules of contract law. It is a subject with which the Negotiable Instruments Law does not deal. The Court should have directed a verdict for the plaintiffs on this note.

With respect to the third note for $961.75, no waiver can be spelled out of the correspondence since no extension of time was requested or granted. That note apparently came due according to its terms upon April 1, 1942, and as to it the defendant was free to assert any defenses which he possessed. Having established the defense of lack of consideration, the defendant is entitled to judgment in respect to the third note.

In view of the results reached above, plaintiffs' remaining exceptions need not be considered, and the defendant's exceptions are overruled.

*Judgment for the plaintiffs for $1600 with interest on the first two notes; Judgment for the defendant on the third note.*

All concurred.