ROCKY MOUNTAIN POWDER COMPANY, A
NEVADA CORPORATION, APPELLANT, *v.* EMMETT M.
HAMLIN, RESPONDENT.

No. 3938

April 23, 1957                    310 P.2d 404

(Rehearing denied May 20, 1957.)

*William J. Raggio,* of Reno, for Appellant.

*Ernest S. Brown,* of Reno, for Respondent.

## OPINION

By the Court, GREGORY, D. J.:

On March 16, 1954 the respondent commenced action in the trial court, seeking recovery upon a promissory note executed and delivered to him by the appellant corporation on June 1, 1945 in the principal sum of $11,625.

Payments had been made on the principal sum amounting to $1,527.45 as recently as June 1, 1950, and on November 25, 1955 the District Court entered judgment in favor of the respondent for $10,097.25 and interest. The appeal is from that judgment, appellant assigning as error:

1. That there was complete failure of consideration for the note, the payee and respondent having been a director of appellant corporation at the time of execution.

2. That respondent, as such director, violated his fiduciary responsibility to appellant corporation in obtaining issuance of this note to himself.

3. That as such a director, the respondent was an interested party in obtaining the promise of payment to himself, which resulted in an act either void or voidable.

4. That even in the event a promise to pay did exist, the trial court should have based judgment on the value of the services, but did not do so.

5. That recovery on the note, assuming its validity, is barred by the statute of limitations.

A brief review of the pertinent facts is necessary to understanding of the questions presented. The appellant corporation, Rocky Mountain Powder Co., was chartered as a Nevada corporation prior to 1932. It had acquired a manufacturing plant and equipment in Spanish Springs Valley in Washoe County. In May of 1932, the corporation found it necessary to suspend all operations. At that time the respondent Hamlin was employed by the appellant as sales manager and general consultant, and was a stockholder, but so far as the record shows, was neither an officer nor a director of appellant.

When the plant and operation closed down, according to the undisputed testimony of respondent, one B. G. McBride, then an officer and director of appellant corporation, in a conversation with respondent, asked the respondent to protect and safeguard the assets of the corporation until new financing could be obtained. His

exact language was received by way of the respondent's deposition, without objection, as follows: "If you (referring to the respondent) will continue on and try to preserve the physical assets of this company, I will continue to endeavor to get finance to eventually start up. I don't know when, but we will eventually start."

The respondent, for the next 12 years and 11 months, did safeguard the assets of the corporation, by personal attention and the engagement of sundry watchmen, and attended to the payment of taxes. In 1945 he caused the reactivation and reinstatement of appellant corporation and at a special stockholders' meeting on May 17, 1945 was elected to the board of directors. On June 1, 1945 a resolution was adopted by that board, commending his services to the corporation, determining those services "to be reasonably worth the sum of $75 per month for a period of 12 years and 11 months," and directing the president and secretary to make, execute and deliver to the respondent the promissory note of the corporation in the sum of $11,625 which was done.

As between the maker and the payee of a promissory note, absence or failure of consideration is available as a defense. NRS 92.035 (Sec. 4497 NCL 1929). Dixon v. Miller, 43 Nev. 280, 184 P. 926. Appellant urges that since the respondent was an officer and director of the appellant corporation at the time of issuance of the note in question, he was not entitled to compensation for his services, claiming that those services were within the scope of his duties as a director, and further that compensation could not be granted for past services unless there had been an express agreement or arrangement for compensation prior to the performance of the services.

The law is well established that an officer or director of a corporation cannot lawfully be compensated by the board of directors for gratuitous services within the

scope of his official duty rendered to the corporation during his term as a director, in the absence of some express prearrangement for such compensation. 13 Am.Jur. Corporations, Sec. 1027, p. 975. Fletcher Cyc. Corporation (Perm. Ed.) Vol. 5, p. 577.

Equally well established, however, is the rule that an employee other than an officer or director can lawfully be reasonably compensated for services rendered to the corporation, by action of the board. 13 Am.Jur. Corporations, Sec. 1028, p. 976.

As to services which are outside the scope of the official duties, even a director may recover compensation from the corporation if an implied promise can be inferred from the circumstances of the case. Dunlap v. Montana-Tonopah Mining Co., C.C., 192 F. 714, Id., 9 Cir., 196 F. 612.

Here it is obvious that respondent was neither an officer nor a director of the appellant corporation either at the time he embarked upon his years of service to it or during the time his services were rendered. Even had he been such there is sufficient evidence to support the then requisite prearrangement and implied promise. He was asked to preserve the assets as best he could, and the record indicates that he did so. All that remained was to fix his compensation.

2, 3. The appellant urges that respondent, as a director, violated his fiduciary obligation to the corporation in obtaining the issuance of this note to himself; that he was an interested party in obtaining this promise of payment; and for those reasons that the note in question was either void or voidable. It is true that equity will set aside a bargain between a director and his corporation which is made otherwise than at arm's

length and with full disclosure of the circumstances. Pepper v. Litton, 308 U. S. 295, 84 L.Ed. 281, 60 S.Ct. 238. Yet here the record shows that there had been such full disclosure at the meeting at which the note was authorized on June 1, 1945. There is no evidence of fraud, nor was any evidence presented from which it might reasonably be inferred that this transaction was entered into without the good faith of both parties.

4. It is next suggested that in the event there existed an implied promise, the trial court should have looked beyond the note and determined the reasonable value of the services rendered, and that the burden of establishing that value was upon the respondent. With this contention we cannot agree. There is ample evidence in the record to support the findings of the trial court. Gascue v. Saralegui L. & L. Co., 70 Nev. 83, 255 P.2d 335.

5. So also as to the claim that the action was barred by lapse of time. The obligation being valid in its inception it was thereafter the duty of the directors of appellant to cause the corporation to pay that obligation. The payments made, then, were lawful and effectively tolled the statute, and the lower court so found.

The judgment is affirmed with costs.

EATHER and MERRILL, JJ., concur.

(BADT, C.J., having disqualified himself, the Governor designated Hon. Frank B. Gregory, Judge of the First Judicial District Court, to sit in his place and stead.)