EUROPEAN MOTORS, LTD., APPELLANT, *v.*
ELSWORTH R. ODEN, RESPONDENT.

No. 4170

September 28, 1959

344 P.2d 195

*Morgan Anglim,* of Reno, for Appellant.

*Ernest S. Brown,* of Reno, for Respondent.

## OPINION

By the Court, MERRILL, J.:

This action is brought by Oden to recover salary allegedly due from European Motors, a corporation, under an express contract. From judgment for $6,400, pursuant to jury verdict, European Motors has taken this appeal. Its principal contention is that the record is devoid of evidence from which the jury might have found a contract with it to have existed.

This contention we must reject. Although flatly contradicted, there was evidence to support a jury determination that a contract existed between the parties under which salary was due to Oden, as claimed by him, from October 1, 1953 to October 1, 1955.

European Motors during the period in question was engaged in Reno in the business of selling and servicing foreign cars. It was incorporated on October 5, 1953. Oden held 44 percent of the stock. Controlling stockholder, with a 55 percent interest, was Oden's then wife. One percent of the stock was held by one Holland. On January 8, 1954 the organization meeting of stockholders was held. Oden was elected president, Holland vice president, and Mrs. Oden secretary-treasurer. The minutes of this meeting expressly provide that these officers, as such, would serve without salary. The minutes are silent as to the employment of Oden in any capacity.

Oden's testimony was to the following effect. For many years prior to the period in question he had engaged in the business of selling and servicing bicycles, motorcycles and motor scooters under the name of Oden Cycle Works in Reno. More recently, in conjunction with his cycle works, he had taken over the agency for the sale of certain foreign cars. In the fall of 1953 Oden and

his wife decided to separate the foreign car agency from the cycle works and, to accommodate the car business, to take over a lease on separate premises then held by Holland. An assignment of the lease was secured. In September 1953, shortly before incorporation of the car business, Oden and his wife had a conversation by which it was agreed that Oden should serve as general manager of the car business; that since it would then become necessary for him to employ a manager for the cycle works, Oden should receive from the car company a salary of $750 a month plus an expense allowance of $100 a month; that Mrs. Oden should serve as office manager and bookkeeper; that since she did not then need any salary, she should draw salary at such time as the business could pay it, and that it should be comparable to the salary she had been receiving as an employee of a dress shop. The company went into business at its new location October 1, 1953, a few days prior to formal incorporation. Thereafter, for the two years in question, Oden served as general manager, devoting 90 percent of his time to the job and performing substantial services over and above those normally expected of a corporation president: as sales manager, shop manager, and manager of the parts department.

Oden also testified on trial that the pre-incorporation contract had been expressly ratified by corporate action at the first meeting of stockholders. A deposition given by him at an earlier date would seem to dispute this, however, and, as already mentioned, the minutes do not show that any such action was taken.

The corporation contends that, in the absence of proof of corporate ratification, this testimony is wholly insufficient to show any corporate obligation under the contract in question. This we must reject. Oden's testimony (which we must assume the jury accepted) demonstrates that his services as general manager were accepted by the corporation with full knowledge on the part of all stockholders that such services were rendered under an express understanding that salary was payable. Acceptance of the benefit of the services, under these

circumstances, amounted to implied ratification by the corporation of the contract entered into prior to incorporation. Federal Mining and Engineering Co. v. Pollak, 59 Nev. 145, 85 P.2d 1008; Rocky Mountain Powder Co. v. Hamlin, 73 Nev. 87, 310 P.2d 404; 13 Am.Jur., Corporations, sec. 109, p. 250, sec. 982, p. 934.

The corporation next contends that Oden's testimony was so thoroughly impeached that it cannot be regarded as support for the jury verdict. This, too, we must reject. Although his testimony was thoroughly impeached as to express corporate ratification, we cannot say that such was the case as to implied ratification. Financial reports of the corporation (signed by Oden as president, although prepared by accountants working with Mrs. Oden as bookkeeper) do not reflect any financial obligation to Oden. Other than this, as to the pre-incorporation conversation with Mrs. Oden, we find simply the word of one balanced against the word of the other.

The corporation contends that the probabilities support the testimony of Mrs. Oden. It points out that the Odens are now divorced; that during the period in question they were married and were living together as husband and wife. It alleges that any sums received from the business, whether as salary or as corporation dividends, would therefore have been shared and asserts that an agreement for salary in any express amount, under these circumstances, is wholly improbable.

We might well be inclined to agree were we the finders of fact. The jury, however, was unpersuaded by this approach to the problem of credibility. The suggestion that Mrs. Oden is unjustly prejudiced by this judgment, in the light of her divorce, poses a problem which is beyond the scope of this action. She is not a party to the action, and whether she has any right to share in the judgment as a community asset is not before the court.

The corporation contends that the jury verdict itself demonstrates that no express contract was found to exist. Oden's suit was for salary in the sum of $19,200 pursuant to contract. The jury verdict was for one-third

of this. Mrs. Oden's testimony and that of another witness (contrary to Oden's) was that Oden spent no more than one-third of his time on his job as general manager. The corporation concludes that the jury believed Mrs. Oden's testimony as to the amount of time spent, and converted the suit into one in quantum meruit without any evidence whatsoever as to the reasonable value of Oden's services.

However, in the absence of special interrogatories, it is always futile to speculate upon the basis of what would appear to be a compromise verdict. Here there was evidence to support a finding of express contract. The court's instructions upon this subject were clear and comprehensive. If the jury has failed to award in full the salary provided by contract, the corporation certainly is not aggrieved.

Affirmed.

MCNAMEE, C. J., and BADT, J., concur.