HARRY GORDON, APPELLANT, v.
CECIL LYNCH, RESPONDENT.

No. 4385

September 20, 1961                              364 P.2d 889

*Morton Galane,* of Las Vegas, for Appellant.

*Foley Brothers,* of Las Vegas, for Respondent.

## O P I N I O N

By the Court, THOMPSON, J.:

In the district court Gordon brought suit against Lynch on a promissory note. The note was dated December 1957, signed by Lynch as maker in favor of Gordon as payee in the principal amount of $10,800, and payable $200 a month commencing January 3, 1958. By his complaint Gordon claimed the principal amount to be due. The responsive pleading of Lynch disclaimed liability, asserting, among other defenses, absence of consideration for the note. In addition, Lynch asserted a counterclaim for $2,000 installments paid according to the terms of the note. Gordon's reply to the counterclaim averred, in substance, that the note upon which this suit is based was a renewal of an earlier note made by Lynch in Gordon's favor for the identical amount; that Lynch, in executing the renewal note, did so with full knowledge of his claimed defense of absence of consideration for the original note, and thereafter made ten installment payments thereon, thereby waiving such defense. The district court denied Gordon relief upon his complaint, and entered judgment for Lynch for $2,000 on his counterclaim. It found that there was an absence of consideration for the original and renewal notes. No specific finding was made regarding two matters: first, whether Lynch knew of the defense of absence of consideration to the original note at the time he executed the renewal note and; second, whether such defense had been waived by Lynch.

The record on appeal reveals that in 1955 Gordon made two loans to the Golden Slot Club, Inc., one for $3,000 and the other for $10,000. Golden Slot Club, Inc., made two promissory notes in favor of Gordon for the

amount of the loans and, as security therefor, executed two chattel mortgages upon most of its personal property consisting primarily of gaming equipment. The mortgages were recorded. Sometime later Gordon purchased 50 percent of the Golden Slot Club, Inc. Part of the purchase price was the cancellation of the notes and mortgages. However, the discharge of the mortgages was not recorded. In 1956 Lynch purchased all of the assets of Golden Slot Club, Inc., at a tax sale. That purchase was subject to valid encumbrances. In 1957 Gordon sold his interest in the chattel mortgages to Lynch for $10,800. Lynch gave Gordon a promissory note for that amount. Lynch defaulted after making two payments. After some discussion, that note was canceled, and the renewal note upon which this action is based was made.

On appeal Gordon has assigned eight errors. Each assignment of error assumes that the lower court should have found as a fact that Lynch had knowledge that the chattel mortgages were discharged before he executed the renewal note or, in the alternative, that by reasonable diligence he should have known that the mortgages were discharged. From such assumed facts Gordon contends that, by executing the renewal note, Lynch thereby waived all defenses which he may have had to the orginial.

During trial Lynch testified that he did not learn that the chattel mortgages had been discharged until December 1958. Upon obtaining such knowledge, he made no further installment payments on the renewal note. The trial court was at liberty to accept his testimony in this regard, and apparently did so. The record on appeal does not indicate that Lynch should have known of this circumstance at an earlier time. Gordon, with whom he had been friendly for years, had always represented that the chattel mortgages were valid. The trial court apparently was of the view that Lynch could properly believe such representations until he acquired knowledge that they were not correct. There was substantial evidence to justify such view.

Therefore, we need not decide the question of the waiver of the defense of absence of consideration claimed because of the execution of the renewal note and the payments made thereon. That question assumes knowledge of such defense to the original note when the renewal note is made. See Anno., 35 A.L.R. 1258, supplemented Anno., 72 A.L.R. 600. As indicated above, the testimony of Lynch justified the trial court in its apparent view that he did not possess such knowledge, nor should he have possessed it. The court below was correct, therefore, in denying relief to Gordon upon his complaint. The absence of consideration for the renewal note upon which suit was brought is a complete defense, Gordon being the original payee thereof, and not a holder in due course. NRS 92.035; Dixon v. Miller, 43 Nev. 280, 184 P. 926; cf. Rocky Mountain Powder Co. v. Hamlin, 73 Nev. 87, 310 P.2d 404.

It is true that the court below failed to find specifically (1) that Lynch did not have knowledge of the defense of absence of consideration to the original note when he made the renewal note, and (2) that such defense was not waived by him. In our view, this does not require a reversal of the judgment. The lower court "after a consideration of the entire evidence" did find that there was "a complete failure of consideration for Lynch's promissory notes to Gordon," and that such notes "are null, void, and of no effect." We consider this to be an implied finding that Lynch had a legal defense to an action upon the renewal note which he did not waive. Florey v. Sinkey, 77 Nev. 275, 362 P.2d 271; Timney v. Timney, 76 Nev. 230, 351 P.2d 611.

The lower court's conclusion that Lynch was entitled to recover the $2,000 paid by him, was clearly correct. Under the circumstances here present, Gordon could not equitably retain that sum. Anno., 87 A.L.R. 649.

The judgment below is affirmed.

BADT, C. J., and MCNAMEE, J., concur.