H. ROGER LAWLER, DOING BUSINESS AS LAWLER LAND AND CATTLE COMPANY AND LAWLER CATTLE COMPANY, APPELLANTS, *v.* FIRST NATIONAL BANK OF NEVADA, A NATIONAL BANKING ASSOCIATION, RESPONDENT.

No. 8680

April 7, 1978                              576 P.2d 1121

*Hale, Lane, Peek, Dennison and Howard,* and *J. Stephen Peek,* Reno, and *Gordon Rose,* Los Angeles, California, for Appellants.

*Stewart & Horton, Ltd.,* and *Richard Horton,* Reno, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

Respondent First National Bank of Nevada brought this action to collect on three promissory notes executed by appellant H. Roger Lawler in his individual and representative capacity. The jury returned a verdict in favor of respondent bank for $1,150,941.21, an amount equal to the balance due on the notes. Here, appellants' principal contentions are (1) the district court erroneously instructed the jury on the legal effect of a renewal of a promissory note, (2) judicial misconduct deprived them of a fair trial, and (3) the district court abused its discretion in the award of attorneys' fees. We disagree.

1. The court instructed the jury: "A maker of a note who gives renewal of a note, and an endorser who endorses the renewal with knowledge of a defense or counterclaim against the original notes, waives that defense or counterclaim and may not later assert it against the party to whom the renewal note was given."

This instruction is an accurate statement of the law not only in Nevada, *cf.* Gordon v. Lynch, 77 Nev. 344, 364 P.2d 889 (1961), but also in the majority of other jurisdictions.[1] Moreover, this instruction clearly satisfied "the trial court's duty 'to explain the law of the case, . . . and to bring into view the relations of the particular evidence adduced to the particular issues involved.' Lewis v. Watson, 47 S.W.2d 484, 486 (N.C. 1948)." American Cas Co. v. Propane Sales & Serv., 89 Nev. 398, 401, 513 P.2d 1226, 1228 (1973).

---

[1] *See, e.g.,* Fitzpatrick v. Flannagan, 106 U.S. 648 (1882); E. H. Taylor, Jr., & Sons v. First Nat. Bank, 212 F. 898 (6th Cir. 1914); First Nat. Bank of Barron v. Strimling, 241 N.W.2d 478 (Minn. 1976); Hurtig v. Jones, 434 P.2d 1009 (Kan. 1967); Shields v. Schorno, 321 P.2d 905 (Wash. 1958); Jacob

2. The comments of which appellants complain, when taken in context and read within the more complete framework of the record, fail to demonstrate prejudice or misconduct. *See* Peterson v. Silver Peak, 37 Nev. 117, 140 P. 519 (1914).

3. The matter of attorneys' fees lies within the sound discretion of the district court and its determination will not be disturbed absent a manifest abuse of that discretion. Brunzell v. Golden Gate Nat'l Bank, 85 Nev. 345, 455 P.2d 31 (1969).

Here, the district court explicitly based its award upon "all the facts and circumstances, the guidelines from other authorities, and [its] own experience," as well as a finding that this was "one of the most difficult civil trials" over which it had presided. Under these circumstances, the record reveals no abuse of discretion; hence, we will not substitute our opinion for that of the district court. *See* Brunzell v. Golden Gate Nat'l Bank, cited above; Sarman v. Goldwater, Taber and Hill, 80 Nev. 536, 396 P.2d 847 (1964).

Other issues raised by appellants are without any merit. Thus, we affirm the district court judgment and order denying motion for new trial.

BATJER, C. J., and MOWBRAY and THOMPSON, JJ., and McKIBBEN, D. J.,[2] concur.

---

Trinley & Sons v. Golter, 41 A.2d 243 (N.H. 1945); Brummett v. McGowan, 24 P.2d 980 (Okla. 1933); Holczstein v. Bessemer Trust & Savings Bank, 136 So. 409 (Ala. 1931); Sebastian County Bank v. Gann, 180 S.W. 754 (Ark. 1915); Franklin Phosphate Co. v. International Harvester Co., 57 So. 206 (Fla. 1911); Hogan v. Brown, 37 S.E. 880 (Ga. 1901). *See generally* Annot., 72 A.L.R. 600 (1931).

