Joseph R. **Roberto**,
Plaintiff/Appellee,
**v.**
Jose **De Leon Guerrero** and
David Walter (Wally) De Leon Guerrero,
Defendants/Appellants.
Appeal No. 94-033
Civil Action No. 92-0847
August 22, 1995

---

Argued and Submitted July 6, 1995

Counsel for appellants: Douglas F. Cushnie, Saipan.

Counsel for appellee: Vicente T. Salas, Saipan.

BEFORE: VILLAGOMEZ, Justice, and BELLAS and LAMORENA, Special Judges.

VILLAGOMEZ, Justice:

 The appellants, Jose and David W. De Leon Guerrero ("Guerreros"), appeal the trial court's default judgment on liability and award of damages in favor of Joseph R. Roberto. The Guerreros contend that the trial court erred in refusing to vacate its entry of default, and in making comments and asking questions at the trial on damages.

We have jurisdiction under 1 CMC § 3102(a). We affirm.

## ISSUES & STANDARDS OF REVIEW

 I. Whether the trial court erred in denying the Guerreros' motion to set aside entry of default under Com. R. Civ. P. 55(c). We review the trial court's decisions under Com. R. Civ. P. 55(c) for an abuse of discretion.[1]

 II. Whether the trial court erred by repeatedly interjecting suggestions to counsel and questions during the trial. We review the court's interaction with counsel and witnesses during trial for an abuse of discretion.[2]

## FACTUAL & PROCEDURAL BACKGROUND

The Guerreros began cultivating a certain parcel of land in Chalan Kiya, Saipan, by planting fruit and nut trees, purportedly with the permission of the landowner, Jesus A. De Leon Guerrero.[3] In August 1990, Jesus transferred ownership of the land to Roberto by deed of gift.

On July 17, 1992, the Guerreros entered Roberto's property and destroyed ten betel nut trees, two carabao mango trees, and eleven banana trees.

In an ex parte proceeding, Roberto sought and was granted a temporary restraining order. On the same day, he filed a complaint for trespass and requested a preliminary injunction. At the injunction hearing on July 29, 1992, the Guerreros appeared pro se, admitted to having destroyed the trees, claimed that the trees were theirs, promised not to re-enter the land, and asked for "a continuance." Supplemental Excerpts of Record at 13. The court declined to grant an injunction and advised the Guerreros to "check [themselves] a lawyer and respond to the complaint against [them]." *Id.* at 16.

The Guerreros never filed an answer. The clerk of court entered a default, at Roberto's request, on August 18, 1992.

Roberto filed a "Motion for Damages" on October 1, 1992. Roberto then filed notices of hearings on damages

---

[1] *See Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 511-12 (9th Cir. 1986).

[2] *Cf. People v. Hicks*, 539 N.E.2d 756, 762 (Ill. Ct. App. 1989) ("A trial judge abuses his discretion when he abandons his judicial role and adopts the role of prosecutor") (jury trial).

[3] *See* Affidavit of Jose Deleon Guerrero at 1, *Roberto v. De Leon Guerrero*, Civ. No. 92-0847 (N.M.I. Super. Ct. filed July 14, 1992).

in October 1992 and May 1993.[4] Neither hearing was held.

On July 8, 1993, Roberto filed, and served on the Guerreros, an amended application for a default judgment and a notice of hearing on damages set for July 14, 1993. The Guerreros retained counsel on July 13, 1993. On July 14, 1993, the Guerreros filed a motion to set aside the entry of default. Following a hearing in October 1993, the trial court denied the motion.

A hearing on damages was held in December 1993. The Guerreros did not offer any evidence. Roberto testified on his own behalf and as an expert on raising and producing fruit and nuts from betel nut, mango and banana trees. The court awarded Roberto $12,110 in damages. The Guerreros timely appealed.

## ANALYSIS

### I. Denial of Motion to Set Aside Entry of Default

■ Under Com. R. Civ. P. 55, "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been enter[ed] may likewise set it aside in accordance with [Com. R. Civ. P.] 60(b)."[5] The Ninth Circuit analyzes the counterpart federal rule as follows:

> The different treatment of default entry and judgment by Rule 55(c) frees a court from considering a motion to set aside a default entry from the restraint of Rule 60(b) and entrusts determination to the discretion of the court. As a practical matter, however, when considering a motion to set aside a default entry, the parallels between granting relief from a default entry and a default judgment encourage utilizing the list of grounds for relief provided in Rule 60(b), including considering whether a defendant has a meritorious defense. These Rule 60(b) grounds are liberally interpreted when used on a motion for relief from an entry of default.[6]

The underlying concern is "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default."[7] Thus, the defendant must make some showing of a meritorious defense.[8]

■ In the only published Commonwealth opinion addressing a motion to set aside an entry of default, the U.S. District Court applied the Ninth Circuit's "three-prong test to determine the propriety of vacating a default *judgment*."[9] Under this test, the movant must show: (1) that the plaintiff will not be prejudiced; (2) the existence of a meritorious defense; and (3) that the default was not the result of the defendant's culpable conduct. The District Court also specified that if the movant fails to establish every one of the elements, the request to set aside the entry of default or judgment must be denied.[10]

■ Applying either the test annunciated by the Ninth Circuit or the one applied by the District Court, the result in this case turns on the existence of a meritorious defense. The Guerreros have not made a showing of a meritorious defense, much less that the entry of default was not caused by their culpable conduct, or that Roberto will suffer no prejudice if the entry of default is set aside.

*Culpable conduct.* The Guerreros make no attempt on appeal to argue that the default was *not* the result of their culpable conduct. The rule is that "[i]f a defendant 'has received actual or constructive notice of the filing of the action and failed to answer' his conduct is culpable."[11] It is undisputed that the Guerreros received notice of the filing of this action, and that they failed to answer.

*Prejudice to opposing party.* If the entry of default were set aside, prejudice to Roberto would take the form of delay in resolving the dispute and in receiving any payment of damages that might be awarded. Roberto's litigation costs would also increase, particularly if he is forced to prosecute on the merits and the Guerreros have no colorable defense.

*Meritorious defense.* The Guerreros do not cite any legal authority for their meritorious defense arguments,

---

[4] The record on appeal does not show that notice of either hearing was served on the Guerreros.

[5] Com. R. Civ. P. 55(c).

[6] *Hawaii Carpenters' Trust Funds*, 794 F.2d at 513 .

[7] *Id.*

[8] *Id.*

[9] *People of Micronesia, Inc. v. Continental Air Lines, Inc.*, 2 CR 740, 748 (D.N.M.I. 1986) (emphasis added) (citing *Falk v. Allen*, 739 F.2d 461 (9th Cir. 1984)).

[10] *See id.* (citing *Pena v. Seguros J. Commercial, S.A.*, 770 F.2d 811, 815 (9th Cir. 1985).

[11] *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 690 (9th Cir. 1988) (citations omitted).

which are that: (1) they owned the trees they destroyed on Roberto's land, and (2) Roberto's farmer told them to remove the trees, and they had to enter the land to do so. In the absence of cited authority, we need not address these arguments.[12] As discussed below, even if we were to address the arguments, we would not be persuaded that the Guerreros have a colorable defense.[13]

Ordinarily, trees are considered the product of nature, or "fructus naturales."[14] As such, they are usually deemed part of the land and pass with it by grant or devise.[15] However, trees grown as crops (e.g., nursery stock) may be converted into personal property by severance from the land.[16] The person who claims that trees, "whether growing naturally or planted and cultivated for any purpose, are not part of the realty, must show special circumstances which take the particular case out of the general rule."[17] Specifically, the claimant (the Guerreros) must prove that the parties (Jesus and the Guerreros) intended that the trees were to be considered personal property. However, even if the trees were deemed personalty (a crop), the Guerreros still do not have a meritorious defense.

Generally, where a possessor of land, even a mere trespasser, "plants, cultivates, and brings to maturity a crop, and severs it from the soil, he thereby may become owner of the crop, but if he abandons the possession of the land, *or is ejected from the land before the crop is matured*, the crop becomes the property of the owner of the land."[18] Here, if the trees became Roberto's when the Guerreros left the land, the Guerreros' conduct was indefensible.

Assuming, however, that the Guerreros had a right to possession of the trees as personalty, and Jesus intended that that right would continue after he deeded the property to Roberto, then the Guerreros might have had a limited privilege[19] to remove the trees as "chattel, or other thing erected or put on the land or affixed to it."[20] Specifically, if the Guerreros were licensees, the rule is:

> If the possessor [Jesus] consents to the presence on the land of a thing which is to be removed at some time thereafter, and if such consent is terminated or suspended, one entitled to the immediate possession of the thing [tree] is privileged, as against such possessor and his transferee, to be on the land at a reasonable time for the purpose of removing the thing [tree] in a reasonable manner and with reasonable promptness, unless he knows or has reason to know the time of such termination or suspension a reasonable period in advance.[21]

If the Guerreros were tenants, the rule is:

> A tenant of land . . . who is entitled after the expiration of the tenancy to a crop planted by the tenant during his tenancy is privileged, at reasonable times and in a reasonable manner, to be on the land after the tenancy has terminated for the purpose of . . . removing such crop.[22]

The Guerreros have provided us with insufficient factual information to determine whether they could invoke either of the above privileges as a defense. For this reason, and in view of the Guerreros' failure adequately to explain their delay in requesting that the entry of default be set aside, and the prejudice Roberto would have faced if the default had been set aside, we hold that the trial court did not abuse its discretion in denying the motion to set aside the entry of default.

---

[12] *See In re Adoption of Doe*, 676 P.2d 1329, 1330 (N.M. 1984).

[13] We have no civil statute governing these issues. Therefore, we will apply common law. *See* 7 CMC § 3401.

[14] This term describes "[t]hose products which are produced by the powers of nature alone[,] . . . [including] any plant which has perennial roots, such as trees, shrubs and grasses." BLACK'S LAW DICTIONARY 669 (6th ed. 1990).

[15] *See* 2 THOMPSON ON REAL PROPERTY, THOMAS EDITION § 13.02(c) (David A. Thomas ed., 1994).

[16] *See id.*

[17] 1 George W. Thompson, THOMPSON ON REAL PROPERTY § 96 (John S. Grimes ed., 1964).

[18] *Id.* § 122 (emphasis added; citation omitted).

[19] "Conduct which would otherwise constitute a trespass is not a trespass if it is privileged." RESTATEMENT (SECOND) OF TORTS § 158 cmt. e (1965).

[20] *Id.* § 177 & cmt. a.

[21] *Id.* § 177. This carries with it a subsidiary privilege "to tear down and sever the thing, in so far as those acts are necessary for the purpose of effecting its removal." *Id.* cmt. c.

[22] *Id.* § 179; *see also id.* § 180 (removal of fixtures by former tenant).

## II. The Court's Interjections During Trial

The Guerreros contend that the trial court erred by repeatedly and improperly interjecting itself into the proceeding. Specifically, the Guerreros assert that the court prompted counsel for Roberto and questioned Roberto's witness in such a way that Roberto was able to establish a foundation to qualify his witness as an expert.

 Trial judges should not assume the role of counsel or "enter into the 'fray of combat.'"[23] Nevertheless, the Commonwealth Rules of Evidence expressly authorize the trial court to question witnesses.[24] Additionally, sometimes it is "the court's duty to develop the truth more fully and to clarify testimony,"[25] as long as the questions are not phrased in a manner that indicates the court's attitude toward the merits of the case.[26] Furthermore, a trial judge has greater latitude to comment during a bench trial than during a jury trial.[27] The test in these circumstances is whether the complaining party was "deprived of a fair and impartial trial."[28]

██ This case involved a bench trial. We have carefully reviewed the transcript of the proceeding below. It appears from the record that the court's comments and suggestions were meant to respond to the Guerreros' counsel's objections and to develop the truth more fully. The trial judge explained at one point:

> I understand your objection, you've made it before. I have a different view as to how a courtroom is operated than that. I don't think it's a game where we seek how good a job counsel does or if he misses a piece. If we've got the witness here on the stand and I don't understand his testimony or I believe that the testimony that they [sic] are areas where I, as the trier of fact, want to understand what his answer is going to be, I'm going to ask it; whether it's your witness or whether it's

[Roberto's] witness. I'm not trying to help or hurt either side. My ruling has been down the center. So, I'm going to continue to do that.

Supplemental Excerpts of Record at 54. The record tends to support the trial court's neutrality, leading us to conclude that "[t]he comments of which [the] appellants complain, when taken in context and read within the more complete framework of the record, fail to demonstrate prejudice or misconduct."[29] We hold that the trial court did not abuse its discretion.

## CONCLUSION

For the reasons set forth above, we **AFFIRM** the denial of the motion to set aside the entry of default and the judgment of the Superior Court.

---

[23] *Egede-Nissen v. Crystal Mountain, Inc.*, 606 P.2d 1214, 1223 (Wash. 1980) (en banc) (citation omitted).

[24] *See* Com. R. Evid. 614(b).

[25] *See Eggert v. Mosler Safe Co.*, 730 P.2d 895, 897 (Colo. Ct. App. 1986) (jury trial).

[26] *See Egede-Nissen*, 606 P.2d at 1222 (jury trial).

[27] *In re Marriage of Click*, 523 N.E.2d 169, 172 (Ill. Ct. App.), *appeal denied*, 530 N.E.2d 241 (1988).

[28] *Id.*

[29] *Lawler v. First Nat'l Bank of Nev.*, 576 P.2d 1121, 1122 (Nev. 1978) (jury trial).