794 F.2d 508
 5 Fed.R.Serv.3d 655
 HAWAII CARPENTERS' TRUST FUNDS, (Health and Welfare Trust
Fund by its Trustees, Raymond Nagata, Albert Hamamoto, Henry
Iida, Roy Iwamoto, Robert Kaya, Fred Shelton, Harold
Makilan, Herman Nascimento, Lester Tamura and Mitsuo Yakuma;
Pension Trust Fund by its Trustees, Richard Hirano, Raymond
Nagata, Peter Robb, Jiggs Tamashiro, Richard Tom, Stanley
Ito, Dante Agra, Mark Erwin, Walter Kupau and James Maeda;
Drywall Training Trust Fund by its Trustees, Harry Cornish,
Paul Caro, Sam Galante, Samson Mamizuka, Harry Murakami and
Gordon Yanagawa; Vacation & Holiday Trust Fund by its
Trustees, Fritz Hewitt, Kenneth J. Horii, Malcolm Koga, John
Murchison, Paul Sasaki, Clement Parker, Keith Hirota,
Aloalii Matautia, Dennis Okajima and Ron Oneha; Annuity
Trust Fund by its Trustees, Carl Cordes, Randall Ching,
Gerard Sakamoto, Jiggs Tamashiro, Richard Tom, Walter Kupau,
Elmer Cabico, Robert Meierdiericks, Terence Nakamura and
Charlie Rodgers, Plaintiffs/Appellees,
v.
Clarence STONE dba Maui Plastering Company, aka Maui
Plastering, Maui Plastering, Inc. and Maui
Plasterers Inc. and Maui Plastering,
Inc. aka Maui Plasterers Inc.,
Defendants/Appellants.
 No. 85-1925.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 18, 1986.
Decided July 15, 1986.
 
 Ashley K. Ikeda, Honolulu, Hawaii, for plaintiffs-appellees.
 Clarence Stone, pro se.
 Joseph A. Ryan, Ryan & Ryan, Honolulu, Hawaii, for defendants-appellants.
 On Appeal from the United States District Court for the District of Hawaii.
 Before CHAMBERS, FARRIS, and BOOCHEVER, Circuit Judges.
 BOOCHEVER, Circuit Judge:
 
 
 1
 Clarence Stone, Maui Plasterers, Inc., and Maui Plastering, Inc. (Stone) appeal a default judgment obtained by Hawaii Carpenters' Trust Funds (Trust Funds) against them for delinquent contributions to employee trust funds. The district court had required Stone to pay costs and attorney fees to Trust Funds as a condition of setting aside entry of default. Stone did not pay and the district court entered default judgment. At issue is whether the district court abused its discretion by entering default judgment when Stone failed to satisfy the condition for setting aside the entry of default.
 
 
 2
 Stone contends that the entry of default judgment was an abuse of discretion because: (A) the parties settled the dispute on August 1, 1983, precluding entry of default, (B) the Trust Funds failed to provide notice of the request for entry of default, (C) the costs and fees assessed against him as a condition for setting aside the entry of default were excessive, and (D) the district court erred in conditioning the setting aside his entry of default on a condition impossible to satisfy. None of the arguments provides grounds for finding that the district court abused its discretion in entering default judgment against Stone. Further, because Stone lacks a meritorious defense, we uphold the district court's denial of Stone's motion to set aside entry of default.
 
 FACTS
 
 3
 Stone is a subcontractor who does business in Hawaii as Maui Plastering, Inc. and Maui Plasterers, Inc. Stone and his employees' labor union, the United Brotherhood of Carpenters and Joiners of America (the Union), entered into a collective bargaining agreement that provided Stone would make payments to the Carpenters' Trust Funds according to an agreed rate.
 
 
 4
 The Trust Funds filed in the district court a complaint on April 13, 1983, and an amended complaint on July 28, 1983, alleging that Stone had failed to make payments totaling $14,272.62. On August 1, 1983, Stone's bookkeeper, Scott Sandercock, and a Trust Funds attorney held two telephone settlement conferences. Although some confusion exists regarding the exact terms of the settlement agreement, Stone contends that the parties settled the entire dispute. Stone stated at oral argument before the district court that the agreement provided that he would pay $6,000 on August 1, $6,000 within 30 days, and the balance of $4,234.86 within 60 days. Stone paid the first installment of $6,000 on August 1.
 
 
 5
 Stone asserts that he understood the parties' August 1, 1983 agreement as precluding Trust Funds from requesting entry of default. A letter dated August 1, 1983 from Sandercock to Trust Funds' counsel, however, states:
 
 
 6
 As agreed in [the] telephone conversation, you are accepting this check in partial payment of the amounts owed to the Carpenter's Trust Funds and will hold off on pursuing the filing of Mechanic's liens and will notify The Triax Company and K. Nagata Construction, Inc. [the companies facing potential mechanics liens].
 
 
 7
 Thus, the person who negotiated the agreement on behalf of Stone indicated that the settlement was with reference to the mechanics liens contemplated by Trust Funds and did not refer to the merits of the case.
 
 
 8
 Trust Funds' counsel sent a letter to Stone on September 2, stating:
 
 
 9
 [Y]our second installment payment of $6,000.00 was due on or about August 22, 1983.... Demand is hereby made for payment of said $6000.00 installment payment by or before September 8, 1983. If said $6000.00 payment is not received by this office on or before September 8, 1983, the terms of said August 1, 1983 oral understanding will be terminated and all appropriate legal action will be commenced immediately without further notice to you.
 
 
 10
 On September 2, without providing notice to Stone, Trust Funds also requested and received entry of default on the ground that Stone had not responded to the amended complaint within 20 days, as required by Fed.R.Civ.P. 12.
 
 
 11
 Stone never paid the second installment that Trust Funds demanded by September 8th. He explained that the brother of Trust Funds' counsel, in the same law firm, but pursuant to a different case on behalf of a different trust fund, Hawaii Laborers' Trust Fund, had garnisheed sums due Stone from various contracts. The Hawaii Laborers' Trust Fund case had been filed earlier, on February 6, 1982.
 
 
 12
 On September 30, 1983, Trust Funds moved in the case before us for prejudgment garnishment of moneys due Stone on his construction contracts and for default judgment. The district court granted garnishment on November 2 and continued the motion for default judgment to December 1. Sometime after December 31, 1983, but early in 1984, the IRS garnisheed the same funds due Stone pursuant to penalties totaling $32,438.80.
 
 
 13
 On November 15, 1983, Stone filed his answer to the amended complaint and moved to set aside the entry of default on the ground that the parties had settled the action on August 1, 1983. Adopting the recommendations of the magistrate, the district court on February 2, 1984, conditionally granted the motion to set aside because Stone's "failure to answer the complaint apparently grew out of [a] misunderstanding of the nature of the proceeding against [him] vis-a-vis [his] prior agreement with the plaintiffs" and "[t]his alleged agreement may ultimately prove to be a meritorious defense to the complaint." Because Trust Funds would not have incurred fees and costs had Stone filed an answer in a timely fashion, the court conditionally granted the motion on Stone paying $2,364 in attorney fees and costs.
 
 
 14
 On June 26, 1984, Stone requested that the prejudgment garnishment be set aside so that he could pay the attorney fees and costs,[1] but the court ruled that Stone had no standing due to entry of default and denied the motion. Stone did not pay the fees and costs and, on March 21, 1985, the court granted the Trust Funds' motion for entry of default judgment for a total of $32,877.78.
 
 ANALYSIS
 
 15
 We review for an abuse of discretion the district court's decision to enter default judgment. Shearson Loeb Rhoades, Inc. v. Ouinard, 751 F.2d 1102, 1103 (9th Cir.1985); Wilson v. Moore & Associates, Inc., 564 F.2d 366, 368 (9th Cir.1977). Our review necessarily encompasses the entry of default and the conditional order setting the default aside, as neither of those orders constituted appealable final orders. See U.S. Dominator v. Factory Ship Robert E. Resoff, 768 F.2d 1099, 1103 (9th Cir.1985).
 
 
 16
 A. THE AUGUST 1, 1983 SETTLEMENT DID NOT PRECLUDE THE ENTRY OF DEFAULT
 
 
 17
 The August 1 settlement did not render improper the entry of default. Stone did not answer, appear, or otherwise plead within twenty days as required by Rule 12 of Federal Rules of Civil Procedure. If the settlement was to resolve the suit, some action should have been taken regarding the pending action. Moreover, there is no evidence from the persons who negotiated the agreement that it required the lawsuit to be held in abeyance.
 
 
 18
 B. THE ENTRY OF DEFAULT DOES NOT REQUIRE THAT STONE RECEIVE NOTICE
 
 
 19
 Although Stone failed to raise the issue of notice below, and therefore as a general rule it is not before us, we may consider it under the narrow exception permitting consideration of an issue that is "purely one of law and ... does not affect the factual record developed by the parties." United States v. Patrin, 575 F.2d 708, 712 (9th Cir.1978); Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985).
 
 
 20
 Fed.R.Civ.P. 55(a), which permits a court clerk to enter default upon a showing that a party has not pleaded or defended within 20 days of service of a complaint, as required by Rule 12, has no notice requirement. Because Trust Funds' request for entry of default and the entry itself were performed in compliance with Rule 55(a), no notice was required.[2] Furthermore, there was no indication that the settlement agreement barred entry of default or required notice. Thus, the entry of default was not improper for lack of notice.
 
 
 21
 C. AWARD OF $2,364 IN COSTS AND ATTORNEY FEES IS NOT SO EXCESSIVE THAT THE DISTRICT COURT ABUSED ITS DISCRETION IN MAKING THE AWARD
 
 
 22
 Stone asserts that Trust Funds' counsel's office is across the street from the Federal Court Building. "There wasn't $100 of fees and/or expenses involved in preparing and filing the request for Entry of Default." Further, Stone asserts that
 
 
 23
 [t]he affidavits submitted by [Trust Funds' attorney] show duplication of reviews of the same matter, duplication of services, claims for travel time to the Supreme Court Library and telephone calls to the IRS and other actions designed to harm Defendants rather than the preparation for a hearing on damages following default judgment.
 
 
 24
 The record, however, contains a detailed, hourly accounting of Trust Funds' attorney fees and costs. A duplication of services did not occur nor are the hours billed clearly unreasonable. Thus, the district court did not abuse its discretion in awarding $2,364. in attorney fees and costs to Trust Funds.
 
 
 25
 D. THE CONDITIONAL SETTING ASIDE OF ENTRY OF DEFAULT
 
 
 26
 This circuit has not ruled whether Fed.R.Civ.P. 55(c) gives a district court authority to condition the setting aside of a default upon payment of attorney fees and costs. Other circuits have held that a district court may impose such conditions on relief from judgment of default under Fed.R.Civ.P. 60(b). See Wokan v. Alladin International, Inc., 485 F.2d 1232, 1234 (3d Cir.1973); Thorpe v. Thorpe, 364 F.2d 692, 694 (D.C.Cir.1966).[3] Further, in this case the district court imposed a condition for setting aside the default which Stone contends was impossible to perform. Some courts have observed that the imposition of a condition that is impossible for a party in default to satisfy may constitute a denial of due process. Wokan, 485 F.2d at 1235; Thorpe, 364 F.2d at 695.
 
 
 27
 We need not reach, however, whether the district court may impose a condition for setting aside default or whether an impossible condition in this case resulted in a violation of Stone's due process. In imposing an impossible condition the district court's action was tantamount to a denial of Stone's motion to set aside entry of default. Accordingly, we construe the district court's imposition of an impossible condition as the denial of relief from default and review whether the district court abused its discretion in denying such relief.
 
 
 28
 Rule 55(c) provides the standards for determining whether relief from a default entry or default judgment should be granted. It states that an entry of default may be set aside "[f]or good cause shown." Fed.R.Civ.P. 55(c). But when default judgment has been entered, Rule 55(c) refers to Rule 60(b), which provides that relief from a final judgment may be granted only under specific conditions. "Further, courts uniformly consider whether defendant has a meritorious defense." 10 C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure Sec. 2694 (1983) (hereafter "Wright & Miller"); see also Falk v. Allen, 739 F.2d 461, 463 (9th Cir.1984).
 
 
 29
 The different treatment of default entry and judgment by Rule 55(c) frees a court considering a motion to set aside a default entry from the restraint of Rule 60(b) and entrusts determination to the discretion of the court. As a practical matter, however, when considering a motion to set aside a default entry, the parallels between granting relief from a default entry and a default judgment encourage utilizing the list of grounds for relief provided in Rule 60(b), including considering whether a defendant has a meritorious defense. These Rule 60(b) grounds are liberally interpreted when used on a motion for relief from an entry of default. Wright & Miller, supra, Sec. 2694.
 
 
 30
 The underlying concern, however, is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default. Wright & Miller, supra, Sec. 2697 (Supp.1986). A party in default thus is required to make some showing of a meritorious defense as a prerequisite to vacating an entry of default. Medunic v. Lederer, 533 F.2d 891, 893 (3d Cir.1976); Wright & Miller, supra, Sec. 2697. Stone made no showing of a meritorious defense. We recognize that the standards for setting aside entry of default under Rule 55(c) are less rigorous than those for setting aside a default. Under these circumstances, however, it would have been an abuse of discretion to set aside the entry of default. Smith v. Block, 784 F.2d 993, 996 n.4 (9th Cir.1986) (citing Salmeron v. United States, 724 F.2d 1357, 1364 (9th Cir.1983) (appellate court may affirm on any ground supported by the record even though the ground relied on by the district court is different from the one outlined by the appellate court) ). To permit reopening of the case in the absence of some showing of a meritorious defense would cause needless delay and expense to the parties and court system.
 
 
 31
 Stone alleges that a settlement agreement with Trust Funds provides a defense. However, even assuming that the settlement related to the merits of this case and not to pending mechanics liens, Stone failed to pay the second installment either when Trust Funds claimed it to be due on August 22; when Stone alleged it was due, thirty days from August 1; by the extended time granted by Trust Funds to September 8; or by September 29, the 60-day deadline that Stone alleges in his brief. Moreover, Trust Funds took no action within any of those periods which prevented payment. Thus, Stone does not have a meritorious defense and the district court did not abuse its discretion in denying Stone's motion to set aside entry of default.
 
 
 32
 The district court's refusal to set aside the entry of default is affirmed on the ground that Stone did not satisfy the conditions for setting aside entry of default. Because Stone is not able to show that the district court abused its discretion in denying his motion to set aside default on any of the other grounds he alleges, i.e., that the parties had a settlement, that Trust Funds failed to provide notice of the request for entry of default, and that the costs and fees assessed against him were excessive, we affirm the district court's entry of default judgment.[4]
 
 
 33
 AFFIRMED.
 
 
 
 [1]
 Stone also moved on May 1, 1984 to lift the prejudgment garnishment and requested that the funds garnisheed be paid directly to the IRS to cover delinquent taxes
 
 
 [2]
 Stone apparently confuses his situation with the one covered by Fed.R.Civ.P. 55(b)(2), which requires notice before an entry of default judgment by the court. Stone does not contend that he did not receive adequate notice before the district court's entry of default judgment on March 20, 1985
 
 
 [3]
 Stone contends that his failure to answer was not in bad faith and thus attorney fees and costs should not be awarded. The Wokan and Thorpe cases, however, do not refer to bad faith as a basis for the award of attorney fees and costs
 
 
 [4]
 In our discretion we do not award attorney fees or costs. 29 U.S.C. Sec. 1132(g) (1982)