8 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,
v.
BURNETT GREY & CO., INC.; FCN Financial Services, Inc.;
Thomas D. Coldicutt; Elizabeth L. Coldicutt,
Defendants-Appellants.
 No. 92-55361.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 2, 1993.*
Decided Sept. 24, 1993.
 
 Before: TANG, CANBY and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 After appellants failed to file a response to the Security and Exchange Commission's (SEC or Commission) complaint against them for distributing unregistered securities in violation of Sections 5(a) and (c) of the Securities Act of 1933 (Security Act or Act), 15 U.S.C. §§ 77e(a) and (c), the district court clerk entered default pursuant to Rule 55(a), Fed.R.Civ.P. The district court subsequently heard oral argument on appellants' motion to set aside the entry of default and, thereafter, entered judgment. Appellants appeal the district court's order denying their motion. Appellants claim that the district court applied an incorrect standard to their motion; that the court improperly found that appellants failed to demonstrate a meritorious defense; and that the court improperly imputed the culpable conduct of appellants' counsel to his clients.
 
 DISCUSSION
 
 3
 We review for abuse of discretion a district court's denial of a motion to set aside an entry of default under Rule 55(c). Yusov v. Yusuf, 892 F.2d 784, 787 (9th Cir. 1989); Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir. 1969).
 
 
 4
 Appellants argue, generally, that the district court abused its discretion in denying their motion to set aside the entry of default. Their first contention is that the district court erroneously applied the 'excusable neglect' standard of Rule 60(b), Fed. R. Civ. P., rather than the 'good cause' standard of Rule 55(c).
 
 
 5
 Rule 55(c) provides the standards for determining whether relief from a default entry or default judgment should be granted. It states that an entry or default may be set aside '[f]or good cause shown.' When default has already been entered, however, Rule 55(c) refers to Rule 60(b), which provides that relief from a final judgment may be granted only under specific conditions.
 
 
 6
 This court has previously explained the reasoning for, and significance of, the different treatment of entry of default and judgment. See Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir.1986). In essence, this court has recognized that the requisites for setting aside an entry of default under Rule 55(c) are less rigorous than those for setting aside a judgment. Id. This difference in treatment between entry of default and judgment is explained by certain key phrases in Rule 55(c) and Rule 60(b). Rule 55(c) allows an entry of default to be set aside for "good cause." Rule 60(b), on the other hand, provides that a judgment may be set aside for "excusable neglect."
 
 
 7
 Appellants' claim that the district court erroneously applied the "excusable neglect" standard to their motion, rather than "good cause," is unpersuasive. The record evidences that appellants failed to demonstrate either "excusable neglect" or "good cause."
 
 
 8
 Appellants contend next that the lower court abused its discretion when it concluded that appellants failed to demonstrate a meritorious defense. We agree with the district court's conclusions.
 
 
 9
 The underlying concern in entertaining a request for relief from entry of default is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default. 10 C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure, § 2697 (Supp.1992). A party in default, therefore, "is required to make some showing of a meritorious defense as a prerequisite to vacating an entry of default." Hawaii Carpenters' Trust Funds, 794 F.2d at 513.
 
 
 10
 Appellants' first charge that the complaint fails to state sufficient facts concerning the offers or sales of securities. This charge rests on a misconception of the pleading requirements under section 5 of the Securities Act. Contrary to appellants' assertion, violations of section 5 do not sound in fraud and are not subject to the requirement of Rule 9(b), Fed.R.Civ.P., that fraud claims be pleaded with particularity. Rather, the SEC need only comply with the notice-pleading requirements of Rule 8(a).
 
 
 11
 Appellants also charge that the complaint fails to plead sufficient facts concerning a "threat of future wrongdoing" to state a claim for permanent injunctive relief. We find that the complaint sufficiently alleges a likelihood of future violations by appellants; allegations of appellants' past violations create a persuasive inference that they will violate security laws in the future. SEC v. Murphy, 626 F.2d 633, 655 (9th Cir.1980)
 
 
 12
 Finally, appellants contend that the culpable conduct the district court relied upon, in part, to deny their motion to set aside the entry of default was that of their previous counsel. As a result, appellants conclude, the district court improperly held blameless parties, appellants, responsible for the error or neglect of their attorney. See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir.1988). We need not entertain this issue, however, in light of appellants' failure to demonstrate a meritorious defense. Smith v. Block, 784 F.2d 993, 996 n. 4 (9th Cir.1986). "To permit reopening of the case in the absence of some showing of a meritorious defense would cause needless delay and expense to the parties and court system." Hawaii Carpenters' Trust Funds, 794 F.2d at 513. The district court's decision is
 
 AFFIRMED
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3