21 F.3d 1112
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
EXXON CORPORATION, Plaintiff-Appellee,
v.
Albert HREISCHE, Defendant-Appellant.
 No. 92-56139.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 11, 1994.
Decided April 8, 1994.
 
 Appeal from the United States District Court for the Central District of California; No. CV-92-0201-AHS, Alicemarie H. Stotler, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 BEFORE: BRIGHT,* WIGGINS, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Exxon sued Albert Hreische, a franchisee operator of an Exxon service station, seeking damages for breach of the service station lease agreement and a declaratory judgment regarding the company's right to terminate Hreische's franchise under the Petroleum Marketing Practices Act (PMPA). Hreische failed to timely answer Exxon's complaint, and the district court clerk entered a default in favor of Exxon under Fed.R.Civ.P. 55(a). The district court subsequently entered a judgment of default and thereafter denied plaintiff's motion to set aside the judgment for "excusable neglect" under Fed.R.Civ.P. 55(c) alone.
 
 
 3
 Hreische appeals the order refusing to set aside the default judgment, contending that the district court erred in (1) failing to find that Hreische demonstrated "good cause" for relief; (2) applying the wrong standard to Hreische's claim for relief under Fed.R.Civ.P. 55(c); and (3) failing to void the clerk's initial entry of default. We affirm.
 
 I. BACKGROUND
 
 4
 Hreische operated a service station pursuant to franchise and lease agreements with Exxon. A dispute arose in which Hreische alleged that Exxon violated the lease agreement by failing to fix leaking underground gas pipes. Hreische stopped making rent payments. Exxon eventually fixed the pipes and the parties began negotiating a settlement to reimburse Hreische for lost fuel. An environmental lawyer named Barmasse represented Hreische in the settlement negotiations. During this time, Hreische continued operating the service station; however, Hreische also continued to withhold rent.
 
 
 5
 Exxon subsequently terminated Hreische's franchise based on Hreische's failure to pay a year's worth of overdue rent. Hreische alleges Exxon terminated the franchise in retaliation for his informing the district attorney about his environmental concerns.
 
 
 6
 When settlement negotiations stalled, Exxon filed suit. Three days after the deadline for filing an answer, Barmasse called Exxon seeking an extension of time to file Hreische's answer. Exxon agreed to extend the deadline on condition that Barmasse prepare and file a stipulation as required by the district court's local rules. Barmasse agreed to file the stipulation but never did so.
 
 
 7
 By May 15, 1992, ten days after the new answer date, Exxon had received no answer from Hreische or Barmasse, and decided to seek an entry of default from the district court clerk pursuant to Fed.R.Civ.P. 55(a). Exxon did not notify Hreische or Barmasse of its intention to seek an entry of default. The clerk entered the default on May 15. Additionally, on May 11, 1992, Exxon had filed a separate motion for partial summary judgment and a request for eviction; Hreische presented no papers in response and the court granted the motion on May 26.
 
 
 8
 Barmasse subsequently applied ex parte to set aside the default, citing Hreische's difficulties in securing adequate representation.[1] This ex parte motion did not set forth any defenses to the original complaint. The district court denied Hreische's motion for relief. Hreische then renewed his motion to set aside the default and also moved to vacate the partial summary judgment granted in Exxon's favor.
 
 
 9
 On July 27, 1992, the district court heard all pending motions and (1) denied Hreische's motion for relief from default; (2) entered default judgment in favor of Exxon, awarding damages of $35,264.57 and costs of $3,265.04; and (3) granted Exxon's motion for attorney's fees in the amount of $28,674.00. Hreische thereafter timely appealed these adverse rulings.
 
 II. DISCUSSION
 
 10
 In reviewing a denial of relief under Fed.R.Civ.P. 55(c)[2] we examine the district court's factual findings "for clear error and, if those findings are not clearly erroneous, the court's determination is reviewed for abuse of discretion." Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1391 (9th Cir.1988), cert. denied, 493 U.S. 858 (1989). We will not disturb an entry of default if "(1) the defendant's culpable conduct led to the default; (2) the defendant has no meritorious defense; or (3) the plaintiff would be prejudiced if the judgment is set aside." Id. at 1392 (emphasis added).
 
 
 11
 Hreische contends that he demonstrated good cause for relief from the clerk's entry of default under Rule 55(c). We disagree based on the second prong of the test for relief.
 
 
 12
 The district court found that Hreische failed to present a meritorious defense and thus failed to establish good cause for relief. After carefully reviewing the record and considering the appellant's statements at oral argument, we cannot say that the district court abused its discretion in denying relief. While we interpret default rules liberally and favor resolution on the merits whenever possible, see In re Hammer, 940 F.2d 524, 525 (9th Cir.1991), we fail to see any merit in Hreische's defense or counterclaim.
 
 
 13
 Though he has had countless opportunities to present substantive arguments for relief, Hreische has continually failed to make clear the grounds for defense. Our review of the relevant law favors Exxon's position. Failure to pay rent justifies the nonrenewal of a franchise under PMPA. See 15 U.S.C. Sec. 2802(b)(2), (c)(8) (1978). Moreover, Hreische had an obligation as a tenant under a commercial lease to continue paying rent unless actually or constructively evicted from the premises. See Petroleum Collections Inc. v. Swords, 48 Cal.App.3d 841, 847 (1975) (unless actually or constructively evicted from the premises, both of which require the tenant to actually leave, a tenant's obligation to pay rent continues under a commercial lease); see also In re Axton, 641 F.2d 1262, 1266 (9th Cir.1981) (citing Swords with approval). Hreische does not dispute that he continued operating the service station at the site and therefore was not actually or constructively evicted.
 
 
 14
 Hreische's counterclaim alleges a breach of good faith and fair dealing by Exxon. The district court considered Hreische's supporting arguments, and concluded Hreische failed to show some possibility that he would prevail on this claim. Having reviewed the record we will not disturb the district court's determination.
 
 
 15
 Hreische also contends that the district court committed prejudicial error by applying to his Rule 55(c) motion the more demanding standard for relief under Rule 60(b).[3] We disagree and determine that under either standard, Hreische has failed to present a meritorious defense required for relief.
 
 
 16
 Lastly, Hreische contends that Exxon's failure to notify him prior to seeking entry of default rendered the default void. According to Hreische, his participation in settlement negotiations with Exxon constituted a "constructive appearance" in the action, triggering a notice requirement. Hreische's argument confuses an entry of default by the clerk under Fed.R.Civ.P. 55(a), which does not require notice, with an entry of default judgment under Rule 55(b)(2), which does require notice. Rule 55(a) contains no notice requirement. Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 512 (9th Cir.1986).[4]
 
 III. CONCLUSION
 
 17
 No abuse of discretion appearing in the district court's resolution of this matter, we affirm the judgment of the district court.
 
 
 18
 AFFIRMED.
 
 
 
 *
 Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 During settlement negotiations Barmasse informed both Hreische and Exxon that if litigation resulted he could not represent Hreische due to lack of expertise. Barmasse agreed to help Hreische find appropriate counsel and apparently did aid Hreische, although their efforts were not entirely successful or timely. Nevertheless, Barmasse was Hreische's representative at the time the answer fell due, and Hreische, who bore responsibility for timely filing, has never sufficiently explained why Barmasse failed to file an answer, failed to file the agreed upon stipulation, failed to seek another extension from Exxon, and failed to notify the court of Hreische's difficulties. We note that Hreische himself could have notified Exxon or the court of his difficulties in finding new counsel
 
 
 [2]
 Titled "Setting aside default", Fed.R.Civ.P. 55(c) states:
 For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).
 
 
 [3]
 While Hreische correctly points to a more lenient standard for relief from an entry of default under Rule 55(c) than from a judgment or order under Rule 60(b), the district court did not err by applying a "gross neglect" standard to prong one of the test for good cause. See 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure Sec. 2696 n. 8 (1983) (citing numerous "entry of default" cases under Rule 55(c) decided using the gross neglect standard). In any event, no good cause for relief exists if any of the three disjunctive elements of the test are present, see Alan Neuman Prods., Inc. v. Alrbight, 862 F.2d 1388, 1392 (9th Cir.1988), cert. denied, 493 U.S. 858 (1989), and we have already determined that Hreische failed to present a meritorious defense to Exxon's claim
 
 
 [4]
 Hreische also argues that Exxon knowingly failed to disclose material facts to the trial court in its affidavit supporting entry of default. Specifically, Hreische cites Exxon's failure to disclose facts concerning the parties' settlement negotiations and Exxon's earlier agreement to a ten-day extension of time to file, contending these actions void the initial entry of default. Hreische presents no authority for his position that failure to disclose facts about prior settlement negotiations or an already expired time extension voids the Rule 55(a) default, and we reject this argument