28 F.3d 107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael C. MEEKS, Plaintiff-Appellant,
v.
NATIONAL EDUCATION CORPORATION, Defendant-Appellee.
 No. 93-55332.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 10, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael M. Meeks appeals pro se the district court's order (1) finding "good cause," pursuant to Fed.R.Civ.P. 55(c), to set aside an entry of default against the defendant, National Education Corporation (NEC) and (2) dismissing Meeks's complaint for lack of diversity jurisdiction. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review the district court's decision to set aside an entry of default for abuse of discretion. See Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir.1986). We review de novo the district court's dismissal for lack of jurisdiction. See Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1976).
 
 A. Setting Aside the Entry of Default
 
 4
 Rule 55(c) allows the district courts to set aside an entry of default for "good cause." Fed.R.Civ.P. 55(c). If, however, a default judgment has been entered, relief from the judgment may only be granted "in accordance with Rule 60(b)." Id. "The different treatment of default entry and judgment by Rule 55(c) frees a court considering a motion to set aside default entry from the restraint of Rule 60(b) and entrusts determination to the discretion of the court." Hawaii Carpenters', 794 F.2d at 513. As a practical matter, however, courts find guidance in the list of Rule 60(b) grounds, liberally interpreted, when determining whether an entry of default should be set aside. See id. Criteria which the court may consider include (1) whether the defendant's default was willful, (2) whether the plaintiff would be prejudiced by setting aside the default, and (3) whether the defendant has a meritorious defense. See id.; see generally 10 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure Sec. 2692-99 (1983 & Supp.1994). "The underlying concern, however, is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." Hawaii Carpenters', 794 F.2d at 513.
 
 
 5
 Here, the district court found that (1) the confusion surrounding NEC's internal handling of the case, in addition to its good faith attempt to reach a settlement with Meeks demonstrated NEC's lack of willfulness in failing to timely respond to the complaint; (2) Meeks would not be prejudiced by setting aside the default; and (3) NEC had demonstrated the possibility of a meritorious defense by asserting that Meeks had failed to establish the existence of diversity jurisdiction and that Meeks's citation to the automatic stay provision of the Bankruptcy Code did not give rise to a cause of action under the facts of this case. Given these circumstances, the district court did not abuse its discretion by setting aside the entry of default. See id. at 513-14.
 
 B. Dismissal for Lack of Jurisdiction
 
 6
 On appeal, Meeks contends that the district court erred by dismissing his action for lack of jurisdiction.
 
 
 7
 In determining its jurisdiction, the court correctly concluded that there was no diversity jurisdiction because both parties were citizens of California. See 28 U.S.C. Sec. 1332.[1]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, Meeks seeks to invoke federal question jurisdiction based on his contention that NEC violated the automatic stay provision of 11 U.S.C. Sec. 362 by withholding his transcripts and diploma for failure to pay NEC a prepetition debt. Such a claim, arising under title 11, should be brought as a proceeding before the bankruptcy judge handling Meeks's bankruptcy. See e.g., General Order 312-D for the United States District Court for the Southern District of California (referring "to the bankruptcy judges of this district all cases under title 11, and all proceedings arising under title 11 or arising in or related to cases under title 11"). Moreover, because Meeks's pleadings fail to indicate the bankruptcy district or case number of his bankruptcy proceeding or the current status of that proceeding, we cannot determine, based on this record, whether Meeks actually states a cognizable claim