28 F.3d 106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re William Lee HAUSLER, Debtor.
William Lee HAUSLER; Ernel McCloskey, Conservator of the
estate of William Lee Hausler, Plaintiff-Appellant,
v.
Heidi WAGNER; Lilliane Dausse, Kathleen Jane Hobrow; Louis
Hesson; East Bay Area Tumor Institute; Heart Lung
Institute of the East Bay; George T. Brady, Executor of the
estate of A. Berens Nelson, Defendants-Appellees.
 Nos. 92-17096.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1994.*
Decided July 7, 1994.
 
 Before: HUG, SCHROEDER and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Lee Hausler appeals the denial of his motion for relief from a stipulated judgment. We affirm.
 
 DISCUSSION
 
 3
 A court may relieve a party from a judgment under certain circumstances. See Fed.R.Civ.P. 60(b); Bankr.R. 9024. In the bankruptcy court, the only reasons asserted for Rule 60(b) relief were that Hausler did not understand what he was doing when he stipulated that the judgment was nondischargeable and approval of the judgment constituted fraud on the court. Hausler now argues that relief should have been granted under Rule 60(b)(4) on the ground that the stipulated judgment was voidable because it contained an unenforceable provision. We decline to consider this argument because it was not made to the bankruptcy court. See Han v. United States, 944 F.2d 526, 527 n. 1 (9th Cir.1991); International Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985). In any event, the allegedly unenforceable provision was waived by the tenants. Because there is no prejudice to Hausler from that provision, it does not require that the judgment be set aside. See Retail Clerks Union Joint Pension Trust v. Freedom Food Ctr., Inc., 938 F.2d 136, 138-39 (9th Cir.1991).
 
 
 4
 Hausler claims that relief is warranted under Rule 60(b)(5) because he is destitute, the stress caused by the tenants' collection efforts has pushed him to the brink of suicide, approximately 70% of the judgment has been paid, and the tenants' financial status presumably is better than his. Again, Hausler did not assert this factual ground in the bankruptcy court and we need not consider it. See Han, 944 F.2d at 527 n. 1. We note that the "no longer equitable" clause of Rule 60(b)(5) does not apply to a money judgment which represents damages for past wrongs. See Schwartz v. United States, 976 F.2d 213, 218 (4th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 1280, 122 L.Ed.2d 673 (1993). Moreover, a rule that judgments should be set aside because the judgment debtor has fallen on hard times would be most peculiar.
 
 
 5
 Rule 60(b)(6) is reserved for extraordinary cases to prevent manifest injustice. See United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049-50 (9th Cir.), cert. denied, --- U.S. ----, 114 S.Ct. 60, 126 L.Ed.2d 29 (1993). Hausler argues that his mental incapacity qualifies as "any other reason justifying relief from the operation of the judgment" under Rule 60(b)(6). The statements of his doctors, his present attorney, and opposing counsel are not specific to November 1989, when the settlement agreement was executed. The bankruptcy court held that Hausler had not shown that he could not understand the nature of his act when he agreed to the settlement. We have reviewed the evidence and conclude that the court's finding is not clearly erroneous. A state court's finding in January 1992 that Hausler then lacked legal capacity to enter a transaction would not be relevant, so we decline to take judicial notice of the appointment of the conservator.
 
 
 6
 "[W]here parties have made deliberate litigation choices, Rule 60(b)(6) should not provide a second chance." In re Pacific Far East Lines, Inc., 889 F.2d 242, 250 (9th Cir.1989); see Retail Clerks, 938 F.2d at 138-39. Even in the case of a motion for relief from a default judgment, the court may deny relief when the movant fails to present a meritorious defense. See In re Hammer, 940 F.2d 524, 525-26 (9th Cir.1991); Cassidy v. Tenorio, 856 F.2d 1412, 1415-18 (9th Cir.1988); Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513-14 (9th Cir.1986). Here, the judgment was not by default, but there is no reason to apply a more liberal set aside rule. The conservator concedes an inability to present any legal defense. The bankruptcy court did not abuse its discretion in denying relief from the judgment.
 
 
 7
 While we recognize our discretion to award sanctions against Hausler under Fed.R.App.P. 38, we decline to do so.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3