53 F.3d 337
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Anselmo CHAVEZ, Plaintiff-Appellant,
v.
LOCKHEED MISSILES & SPACE COMPANY, INC., Defendant-Appellee.
 No. 94-16006.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 26, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anselmo Chavez appeals pro se the district court's grant of summary judgment in favor of Lockheed Missiles & Space Company (Lockheed) in his employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et. seq. (Title VII) and the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621, et. seq. (ADEA). Chavez contends the district court erred by: (1) granting Lockheed's motion for summary judgment; (2) denying Chavez's motion for default judgment; and (3) denying Chavez's motion to compel further answers to interrogatories and production of documents. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 A. Background
 
 3
 Chavez, an Hispanic male, worked at Lockheed from 1986 until 1991 as a production planner. Between April, 1988 and August, 1990 Chavez filed 5 administrative or civil complaints of discrimination against Lockheed. In August, 1990, a space systems division (SSD) department manager position (position) became available although the position opening was not announced. The selection process, conducted by SSD Organization Director Art Keegan and Lockheed's Human Resources department, yielded twelve potential candidates, nine of whom were identified through a computerized search. The computerized search was conducted by matching the position's duties and required qualifications with salaried employees' experience and qualifications. The remaining three potential candidates were identified based on management recommendations to Keegan. Chavez, then a 58-year-old hourly worker, was not identified as a potential candidate through the computerized search or based on management recommendations. Ultimately, Andy Ching, a 46-year-old Asian male was selected for the position.
 
 B. Summary Judgment
 
 4
 Chavez contends the district court erred by finding he failed to establish a prima facie case of retaliation or disparate treatment based on national origin in violation of Title VII, or disparate treatment based on age in violation of the ADEA. "We combine the Title VII and ADEA claims for analysis because the burdens of proof and persuasion are the same." Wallis v. J.R. Simplot Co., 26 F.3d 885, 888 (9th Cir.1994). We review de novo the district court's grant of summary judgment to determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Wallis, 26 F.3d at 888.
 
 1. Retaliation
 
 5
 In order to establish a prima facie case of retaliation in cases where the position was not announced, the plaintiff must (1) demonstrate the employer was aware of his availability for the position and (2) articulate specific facts indicating the employer did not consider him for the position in retaliation for filing past discrimination claims. Foster v. Arcata, 772 F.2d 1453, 1463 (9th Cir.1985), cert. denied, 475 U.S. 1048 (1986); see also Yartzoff v. Thomas, 809 F.2d 1371, 1375 (9th Cir.1987) (requiring that plaintiff show a causal link between the adverse action and protected activity).
 
 
 6
 We agree with the district court's finding that Chavez failed to present evidence establishing Lockheed failed to consider him for the position in retaliation for filing past discrimination claims. First, Chavez's name was not generated by the computer search because the computer search was limited to salaried employees and Chavez was an hourly, not salaried, employee. Second, Chavez was not recommended to Keegan, did not apply for the position and failed to present evidence establishing Keegan was aware Chavez was qualified and available for the position. Finally, Chavez fails to present evidence establishing Keegan was aware of Chavez's past discrimination claims. In his district court filings, Chavez contends that he finds it "extremely difficult to believe" Keegan was not informed of his qualifications or his past discrimination claims. But "purely conclusory allegations, ... with no concrete, relevant particulars, will not bar summary judgment." Forsberg v. Pacific Northwest Bell Telephone Company, 840 F.2d 1409, 1419 (9th Cir.1988); see also Foster, 772 F.2d at 1463.
 
 2. Disparate Treatment
 
 7
 In order to establish a prima facie case of disparate treatment based on age or national origin discrimination, a plaintiff must show: (1) he belongs to a class protected by the ADEA or Title VII, (2) he was qualified for a job for which the employer was seeking applicants, (3) the employer was aware of his availability for the position; and (4) despite the employer's awareness of his availability, he was not hired because of age or national origin. See Foster, 772 F.2d at 1463; see Yartzoff, 809 F.2d at 1374.
 
 
 8
 Here, assuming arguendo Chavez was qualified for the position, he fails to articulate specific facts indicating Lockheed was aware he was available and nonetheless failed to consider him for the position because of his age or national origin. See Foster, 772 F.2d at 1463. Furthermore, evidence in the record controverts that conclusion. Chavez was 58 years old when the position opened. The record reveals that the 12 potential candidates ranged in age from 37 to 68 years old, and 7 of the 12 candidates were over 50. Moreover, 5 of the 12 potential candidates were minority employees and 1 of those potential candidates was a 56-year-old Hispanic male.
 
 
 9
 Accordingly, the district court did not err by concluding that Chavez failed to establish a prima facie case of disparate treatment.[1] See Foster, 772 F.2d at 1463; see Yartzoff, 809 F.2d at 1374.
 
 C. Default Judgment for Failure to Appear
 
 10
 We review for abuse of discretion a district court's denial of a motion for default judgment, Alan Neuman Productions v. Albright, 862 F.2d 1388, 1391-1392 (9th Cir.1988), cert. denied, 493 U.S. 858 (1989), and grant of a motion to set aside an entry of default under Fed.R.Civ.P. 55(b), (c). Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-512 (9th Cir.1986) (review of whether to enter default judgment necessarily encompasses review of entry of default). We review for clear error the district court's factual findings regarding a Rule 55(c) motion to set aside a default entry. See Price v. Seydel, 961 F.2d 1470, 1473 (9th Cir.1992).
 
 
 11
 Rule 55(c) permits an entry of default to be set aside for "good cause." Fed.R.Civ.P. 55(c). "As a practical matter, ... when considering a motion to set aside a default entry, the parallels between granting relief from a default entry and a default judgment encourage utilizing the list of grounds for relief provided in [Fed.R.Civ.P.] 60(b)." Hawaii Carpenters' Trust Funds, 794 F.2d at 513. Rule 60(b) allows a district court to deny relief from a default judgment if "(1) the defendant's culpable conduct led to the default, (2) the defendant has no meritorious defense, or (3) the plaintiff would be prejudiced if the judgment is set aside." Price, 961 F.2d at 1473 (quoting Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir.), cert. denied, 484 U.S. 976 (1987)).
 
 
 12
 Here, the district court found Chavez had improperly served Lockheed. Chavez argues that evidence in the record supports his contention Lockheed was properly served. While some evidence in the record might support Chavez's assertion of proper service, the fact that Lockheed was not dilatory in defending this action once notified of the default and was able to put forth a meritorious defense supports the conclusion that Lockheed would have promptly defended this action had it been properly served. The district court also found that granting the motion to set aside would not prejudice Chavez. In light of these facts, the district court's conclusion that Lockheed was not properly served is not clearly erroneous. See Price, 961 F.2d at 1473.
 
 
 13
 Accordingly, we hold the district court did not abuse its discretion by setting aside the entry of default against Lockheed and denying Chavez's motion for default judgment. See Price, 961 F.2d at 1473.
 
 
 14
 D. Answers to Interrogatories and Production of Documents
 
 
 15
 Chavez also contends the district court erred by denying his requests for further discovery. We will only find the district court abused its discretion by denying requests for further discovery "if the movant can show how allowing additional discovery would have precluded summary judgment." Qualls v. Blue Cross of California, 22 F.3d 839, 844 (9th Cir.1994). Chavez has made no such showing.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we agree with the district court's threshold determination that Chavez has not established a prima facie case of retaliation or disparate treatment, we need not address whether Lockheed's explanation for failing to consider Chavez for the position was a pretext for an unlawful motive