116 F.3d 485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re PACIFIC KEYPUNCH SERVICE, INC., Debtor.
Marilyn ERSLAND, Appellee,
v.
Martin MADDEN, Jr., Appellant.
 No. 96-55535.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 6, 1997
Decided June 20, 1997.
 
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel, D.C. No. CC-95-01380-JVO; Sidney C. Volinn, Chief Bankruptcy Judge, and Robert C. Jones and Lawrence Ollason, Bankruptcy Judges, Presiding.
 Before HUG, C.J., and FERNANDEZ and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Martin Madden appeals a decision of the Ninth Circuit Bankruptcy Appellate Panel affirming the bankruptcy court's order striking his answer and directing the entry of default against him in the adversary proceeding commenced by Marilyn Ersland. The bankruptcy court struck Madden's answer as a sanction for failure to comply with discovery orders. Madden appealed to the BAP, which affirmed the sanction, and rejected Madden's claim that the bankruptcy court lacked jurisdiction over the adversary proceeding. We dismiss because we lack jurisdiction over this appeal.
 
 
 3
 Although neither party raised the question of our jurisdiction, we raised it sua sponte, as we must. See WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1135 (9th Cir.1997) (en banc). Madden appealed from an order striking his answer and ordering the entry of a default against him. However, the entry of a default, unlike the entry of a default judgment, is not appealable to us. See Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir.1986); Baker v. Limber, 647 F.2d 912, 916 (9th Cir.1981); see also Fed.R.Civ.P. 55(a); Bankr.R. 7055; Belo Broad. v. Rubin ( In re Rubin), 693 F.2d 73, 76-77 (9th Cir.1982) (discovery sanction is unappealable, interlocutory order). The bankruptcy court has not entered a default judgment against Madden. See Fed.R.Civ.P. 55(b). Therefore, we lack jurisdiction over this appeal.[1]
 
 
 4
 DISMISSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We express no opinion on the merits of the bankruptcy court's decision. Nor does our lack of jurisdiction affect the decision of the BAP. Whereas our jurisdiction is limited to the review of final orders, see 28 U.S.C. § 158(d), the BAP is not so limited. See 28 U.S.C. §§ 158(a), (b)(1). This dismissal is, of course, without prejudice to the parties bringing the issues to us at an appropriate time