Kenneth W. REED, Plaintiff–Appellant,

v.

COUNTY OF MARICOPA; Thomas Freestone; James D. Bruner; Carole Carpenter; Betsy Bayless; Thomas Rawles; Edward King; Mary Rose Wilcox; Maurice Portley; Richard M. Romley; David King Udall; N. Victor Cook; Connie L. Smyer; Dean W. Trebesch; Robert E. Guzik; Jeff Fisher; Joseph M. Arpaio; Frank R. Waelde; Donald W. Moose; David Alster; Robert Richards; Catherine Agra; Mary Esther Reed; Defendants–Appellees.

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

No. 00–15053.

D.C. No. CV–95–001784–EHC.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 2001.[1]

Decided Feb. 22, 2001.

Before LEAVY, THOMAS, and RAWLINSON, Circuit Judges.

## MEMORANDUM[2]

Kenneth W. Reed, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of defendant Alster and the district court's dismissal of all other defendants in his 42 U.S.C. § 1983 action alleging conspiracy for malicious prosecution and violations of his right of access to the court. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo grants of summary judgment, *see Robi v. Reed,* 173 F.3d 736, 739 (9th Cir.1999), *cert. denied,* 528 U.S. 952, 120 S.Ct. 375, 145 L.Ed.2d 293 (1999), and dismissals pursuant to 28 U.S.C. § 1915A(b)(1), *see Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000). We affirm.

With respect to Reed's access to court claim against defendant Alster, the district court properly granted Alster summary judgment because Reed failed to al-

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

lege an actual injury with specificity. *See Lewis v. Casey,* 518 U.S. 343, 349, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (requiring the showing of an actual injury arising from the alleged violation of the right of access to the court).

 Because Judge Portley is immune from damages in civil actions for his judicial acts, the district court properly dismissed Reed's excessive bail claim without leave to amend. *See Schneider v. California Dep't of Corrections,* 151 F.3d 1194, 1196 (9th Cir.1998); *Schucker v. Rockwood,* 846 F.2d 1202, 1204 (9th Cir.1988).

Because Reed again failed to allege an actual injury, the district court properly dismissed his access to the court claims as to all of the other defendants. *See Lewis v. Casey,* 518 U.S. 343 at 349, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606.

Because Reed did not allege an agreement or meeting of the minds among the conspirators, the district court properly dismissed Reed's conspiracy for malicious prosecution claim. *See Woodrum v. Woodward County,* 866 F.2d 1121, 1126 (9th Cir.1989).

Because the district court properly held Reed's pleadings to a less stringent standard than formal pleadings drafted by lawyers, Reed's contention in this regard lacks merit. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Because Alster and the other defendants filed motions to set aside the entries of default, the district court did not err in entering judgment in favor of all the defendants. The district court's judgment implicitly granted these motions to set aside the entries of default. *See CHoPP Computer Corp., Inc., v. United States,* 5 F.3d 1344, 1350 (9th Cir.1993); *Hawaii Carpenters' Trust Funds v. Stone,* 794 F.2d 508, 511–512 (9th Cir.1986).

To the extent that Reed challenges these motions on the merits, the district court properly granted these motions to set aside the entries of default, and his contention lacks merit. *See Kennedy v. Applause, Inc.,* 90 F.3d 1477, 1482 (9th Cir.1996); *O'Connor v. Nevada,* 27 F.3d 357, 364 (9th Cir.1994) (determining good cause to be the standard for setting aside entries of default).

 The district court did not abuse its discretion when it denied Reed's motions for appointment of counsel under 28 U.S.C. § 1915. *See Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986) (reviewing for abuse of discretion the denial of a motion for appointment of counsel).

Reed's motion to enlarge the time to file a reply brief is denied.

AFFIRMED.